IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL,<br><br>            Plaintiff,<br><br>vs.<br><br>U.S. BANK HOME MORTGAGE, JOE VASCO, and 100 YEAR HOMES, INC.,<br><br>            Defendants. | 8:21CV332<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff complains Defendants foreclosed on a property she owned in Bennington, Nebraska. She asserts various claims under state and federal law.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset of the case. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

Plaintiff alleges the court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. No facts are alleged in the Complaint to support the diversity-of-citizenship allegation. It is the plaintiff's burden to plead the citizenship of the parties in attempting to invoke diversity jurisdiction. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); Fed. R. Civ. P. 8(a)(1).

Although Plaintiff does not allege that subject matter jurisdiction exists under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), she asserts several claims that allegedly arise under federal statutes. Upon examination, though, none of these claims are actionable.

Plaintiff first cites 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law

requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*, 487 U.S. at 49. The facts alleged in the Complaint do not show that any Defendant acted under color of state law. Defendants did not act under color of state law by "avail[ing] themselves of the state courts as a mechanism to deprive Plaintiff of her well-established property interest in the subject property." (Filing 1, ¶ 49.) *See Cortez v. Anderson*, No. CIV.A. 09-2063, 2010 WL 1346301, at *2 (W.D. Ark. Mar. 10, 2010) ("Banks, employees, and their attorneys have been held to be private entities or parties not subject to suit under § 1983." (citing cases)), *report and recommendation adopted*, 2010 WL 1345845 (W.D. Ark. Mar. 30, 2010).

Plaintiff also cites 42 U.S.C. § 1988. Section 1988 merely provides for the application of common law in civil rights proceedings brought under other statutes and for attorneys' fees and experts' fees in civil rights cases. *Johnston v. Brisco*, No. 06-CV-03002, 2007 WL 1576026, at *31 (W.D. Ark. May 30, 2007). It does not create an independent federal cause of action for the violation of federal civil rights. *Stagemeyer v. Cty. of Dawson, NE.*, 205 F. Supp. 2d 1107, 1115 (D. Neb. 2002).

Plaintiff alleges the existence of a conspiracy under 42 U.S.C. § 1985(3). A claim under this statute requires class-based invidious discrimination, which she has not alleged any facts to support. *See Pitlor v. TD Ameritrade, Inc.*, No. 8:20-CV-267, 2021 WL 1060772, at *5 (D. Neb. Mar. 18, 2021), *aff'd sub nom. Pitlor v. T.D. Ameritrade, Inc.*, 857 F. App'x 898 (8th Cir. 2021). Plaintiff's Complaint merely recites the words of § 1985, which does not satisfy federal pleading standards. "[P]laintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, ... have not provided the 'showing' required by Rule 8 [of the Federal Rules of Civil Procedure]." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *see Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)).

Plaintiff also alleges the existence of a conspiracy under 42 U.S.C. § 1983. Because a section 1983 claim applies to state action, Plaintiff "must establish not

only that [Defendants] caused a deprivation of constitutional rights, but that [they] willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Crawford v. Van Buren Cty.*, 678 F.3d 666, 670-71 (8th Cir. 2012) (quoting *Dossett v. First State Bank,* 399 F.3d 940, 951 (8th Cir. 2005)). Plaintiff's factual allegations fail to show the existence of such a conspiracy.

Finally, Plaintiff asserts a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. "[T]he federal Declaratory Judgment Act ... is a procedural statute, not a jurisdictional statute," so a federal court must have an independent basis for federal jurisdiction, such as diversity or federal-question jurisdiction. *McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702 n. 2 (8th Cir. 2021) (quoting *Missouri ex rel. Mo. Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997)). For the reasons discussed above, Plaintiff has not established an independent basis for federal jurisdiction in this case.

## IV. CONCLUSION

This action is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. However, the court on its own motion will give Plaintiff leave to file an amended complaint within 30 days.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, she shall restate the allegations of the current Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) in the event she files an amended complaint.

4. Plaintiff's motion for issuance of summons (Filing 2) is denied without prejudice.

5. The Clerk of the Court is directed to set this pro se case management deadline: **October 22, 2021**—amended complaint due.

6. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 22nd day of September 2021.

                                              BY THE COURT:

                                              *Richard G. Kopf*
                                              Richard G. Kopf
                                              Senior United States District Judge