IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. BANK HOME MORTGAGE, JOE VASCO, and 100 YEAR HOMES, INC.,<br><br>    Defendants. | 8:21CV332<br><br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on Plaintiff's motion for reconsideration (Filing 13), which the court construes as a motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b)(1). The motion will be granted.

    This matter was dismissed without prejudice on October 25, 2021, after Plaintiff failed to file an amended complaint by October 22, 2021, as the court had previously directed. Plaintiff states she attempted to file an amended complaint on October 18, 2021, using the court's Case Management/Electronic Case Files (CM/ECF) System, but was unsuccessful because, as she later learned, she had not been granted access to the System for this case.[1] She requested access by email on October 21, 2021, but access was not granted until October 25, 2021, after the case had already been dismissed.

    A final judgment may be set aside for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th

---

[1] Pro se parties may become registered users of the CM/ECF System by registering through PACER. *See* NEGenR 1.3(b)(1). However, a pro se party who has been given e-filing rights through a previous PACER request will not be able to submit subsequent requests for e-filing rights with the same name through PACER. The pro se party must submit subsequent requests in the applicable case.

Cir. 2000). Whether a party's neglect of a deadline is excusable "is an equitable decision turning on all relevant circumstances surrounding the party's omission." *Id.* (internal quotation marks and citations omitted). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect ... is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (internal quotation marks and citation omitted). The factors to be considered include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [Rule 60(b)] movant, and whether the movant acted in good faith." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993).

The court takes judicial notice that Plaintiff previously requested and was granted access to the CM/ECF System in two other cases. See Case No. 8:19CV568 (access granted on 1/9/20) and Case No. 8:20CV541 (access granted on 3/2/21). She thus was aware of the need to be granted access to the System on a case-by-case basis. Regarding the present case, Plaintiff sent an email to a staff member in the clerk's office at 9:33 p.m. on October 20, 2021, stating: "I thought I requested access to the subject above [8:21CV332], however, I was trying to file but I couldn't find the case number. Can you clarify with me[?]" (Filing 14 in Case No. 8:21CV161.)[2] The staff member responded by email at 7:47 a.m. on October 21, 2021: "No, I do not have a request from you to electronically file in the above case. If you are requesting electronic filing in this case, please submit an e-mail request to me." (*Ibid.*) At 7:47 p.m. on Thursday, October 21, 2021, Plaintiff emailed a joint request for e-filing in this case and in Case No. 8:21CV161. (*Ibid.*) The request was granted by the clerk's office for both cases on Monday, October 25, 2021.

This case has not proceeded to service of process, and it is not apparent that the named defendants would be prejudiced if this case were reinstated—thereby preserving its August 30, 2021 filing date— rather than refiled. Plaintiff's motion for reconsideration was filed on November 5, 2021, so there has not been a lengthy

---

[2] Plaintiff filed Case No. 8:21CV161 on April 19, 2021.

delay. Although Plaintiff is responsible for the missed filing deadline, there is no evidence of bad faith. In conclusion, the court finds Plaintiff has made a sufficient showing of excusable neglect.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for reconsideration (Filing 13) is granted.

2. The Memorandum and Order (Filing 9) and Judgment (Filing 10) entered by the court on October 25, 2021, are set aside and vacated.

3. Plaintiff shall have seven days to file an amended complaint in accordance with the court's September 22, 2021 Memorandum and Order (Filing 8). Failure to file an amended complaint by November 15, 2021, will result in the court dismissing this case without further notice to Plaintiff.

4. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

6. The Clerk of the Court is directed to set this pro se case management deadline: **November 15, 2021**—amended complaint due.

7. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 8th day of November 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge